furnish security and pay a counsel fee was made, at the instance of defendant, upon a hearing and determination of the issue of financial ability of defendant, and defendant has sustained no adverse change of circumstances thereafter. In the light of that circumstance, it was within the power of the court to refuse to relitigate the issue of financial ability on the hearing of this motion. As to the power of a court to punish for contempt a failure to provide required security, we are in agreement with the reasoning and determination in *Rosen* v. *Rosen* (226 App. Div. 327) that the court does possess such power, and accordingly overrule the holding insofar as it is to the contrary in *Pelz* v. *Pelz* (182 App. Div. 923). Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. [See *post,* p. 944.]

LEO TUTUNJIAN · et al., Respondents-Appellants, v. GEORGE E. VETZIGIAN, as Executor of HELEN TUTUNJIAN, Deceased, et al., Appellants-Respondents, et al., Defendants.— Cross appeals by plaintiffs and certain defendants in an action to compel the performance of a contract made by a husband and wife in relation to the disposal of their properties upon the death of the survivor. Judgment requiring the representative of the wife and the next of kin, and distributees of the wife under the will dated December 6, 1944, to perform her contract with her husband as manifested by the joint will of the husband and wife of April 25, 1942, unanimously affirmed, with one bill of costs to parties filing briefs, payable out of the estate. The decree is in accord with sound authority. (*Hermann* v. *Ludwig,* 186 App. Div. 287, affd. 229 N. Y. 544; *Rastetter* v. *Hoenninger,* 214 N. Y. 66.) This being an action in equity, the granting or withholding of costs (Civ. Prac. Act, § 1477) rested in discretion. Subdivision 6 of section 1470 of the Civil Practice Act, invoked by the plaintiffs, relates to actions at law. (11 Carmody on New York Pleading and Practice, § 70.) Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.

CHARLES H. WATSON, Appellant, v. SAUL C. LAVINE et al., Respondents.— Action to recover brokerage commissions on the lease of a garage. Judgment dismissing the complaint at the close of the plaintiff's proof reversed on the law, with costs to appellant, and a new trial granted. The evidence adduced by the plaintiff established a prima facie case. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

FRANCIS K. WILSON, Respondent, v. EMIL RUPPERT, Appellant.— Action to recover damages for personal injuries resulting from the bursting of a tube inside a truck tire when the latter was struck by a hammer in an attempt to remove the tire and rim assembly from a wheel. The rim was of the split type and was not locked in normal position. Judgment, entered on the verdict of a jury in favor of plaintiff, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ.

## THIRD DEPARTMENT, OCTOBER, 1948.

### (October 19, 1948.)

In the Matter of CHESTER A. BANKS et al., Respondents, against THOMAS F. DONOHUE et al., Constituting the Board of Elections of Albany County, Appellants.— Appeal from orders dated October 8, 1948, of the Albany Special Term. Order affirmed, without costs. Hill, P. J., Brewster, Russell and Deyo, JJ., concur; Heffernan, J., dissents and votes to reverse on the ground that under the statute and the rules of the American Labor Party the State executive committee had no authority to make the substitute nominations. There was in

existence at that time a county committee and an assembly district committee of the American Labor Party. Permission for leave to appeal to the Court of Appeals is granted. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur. [192 Misc. 1060.]

In the Matter of EDWARD G. DILLON et al., Petitioners, against SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.— In the matter of the application for an order in the nature of a writ of prohibition in the above matter. Application granted, without costs, with leave to appeal to the Court of Appeals. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur.

In the Matter of JAMES F. DILLON, Respondent, against RUTH ROBERTS et al., Appellants.— Order modified by eliminating from the decretal provisions of the order paragraph " 2 " and as so modified affirmed, without costs. Heffernan, Brewster, Russell and Deyo, JJ., concur; Hill, P. J., dissents upon the ground that petitioners are not aggrieved parties. Permission is hereby granted to appeal to the Court of Appeals. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur. [193 Misc. 6.]

In the Matter of D-CADY HERRICK, 2D, Respondent, against KOSTAS DAKCHOY-LOUS et al., Appellants.— Order modified by eliminating from the decretal provisions of the order paragraph " 2 " and as so modified affirmed, without costs. Heffernan, Brewster, Russell and Deyo, JJ., concur; Hill, P. J., dissents upon the ground that petitioners are not aggrieved parties. Permission is hereby granted to appeal to the Court of Appeals. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur. [193 Misc. 6.]

In the Matter of JOHN J. KILEY, Respondent, against CHESTER A. BANKS et al., Appellants.— Order modified by eliminating therefrom paragraph numbered " 2 " of the decretal provisions of the order and as so modified affirmed, without costs. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur. Permission to appeal to the Court of Appeals granted. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur. [193 Misc. 10.]

In the Matter of JOHN J. KILEY, Respondent, against MARGARET L. WHEELER et al., Appellants.— Order modified by deleting from the decretal parts thereof paragraph numbered " 2 " and by amending decretal paragraph numbered " 3 " by adding thereto "pursuant to the purported certificate of substitution of nominations above referred to," and as so modified affirmed, without costs to either party. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur. Permission to appeal to the Court of Appeals granted. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur. [193 Misc. 10.]

In the Matter of MARGARET L. WHEELER, Respondent, against THOMAS J. CURRAN, as Secretary of State of the State of New York, et al., Appellants.— Appeal from orders dated October 8, 1948, of the Albany Special Term. Order affirmed, without costs. Hill, P. J., Brewster, Russell and Deyo, JJ., concur; Heffernan, J., dissents and votes to reverse on the ground that under the statute and the rules of the American Labor Party the State executive committee had no authority to make the substitute nominations. There was in existence at that time a county committee and an assembly district committee of the American Labor Party. Permission for leave to appeal to the Court of Appeals is granted. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur. [192 Misc. 1055.]